UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CHARLES W. MASSIE, III,

                Plaintiff,

v.                                                02-CV-1032

IKON OFFICE SOLUTIONS, INC.,

                Defendant,

| APPEARANCES: | OF COUNSEL: |
|---|---|
| CHARLES W. MASSIE, III<br>Plaintiff *Pro se*<br>35 Sherry Drive<br>Syracuse, NY 13219 | |
| COUDERT BROTHERS LLP<br>Attorneys for Defendant<br>1114 Avenue of the Americas<br>New York, NY 10036-7376 | DARRELL S. GAY, ESQ.<br>SONYA D. JOHNSON, ESQ. |

**HOWARD G. MUNSON, SR. J.**

### MEMORANDUM DECISION AND ORDER

"[A] motion which asks the court to modify its earlier disposition of a case because of an allegedly erroneous legal result is brought under Fed.R.Civ.P. 59(e)." Appeal of Sun Pipe Line Co., 831 F.2d 22, 24 (1st Cir.1987), *cert denied*, 486 U.S. 1055, 108 S. Ct. 2821, 100 L. Ed.2d 922 (1988). Thus, a motion for reconsideration of a civil judgment should be construed as a motion to alter or amend, pursuant to Rule 59(e). See id. United States v. Gargano, 826

F.2d 610, 611 (7th Cir.1987).

Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Management Systems Inc. Securities Litigation, 113 F. Supp.2d 613, 614 (S.D.N.Y.2000). The moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision. Lichtenberg v. Besicorp Group Inc., 28 Fed.Appx. 73 (2d Cir.2002); SEC v. Ashbury Capital Partners, L.P., 2001 WL 604044, *1 (S.D.N.Y. May 31, 2001) (citing AT & T Corp. v. Comty. Network Services, Inc., 2000 WL 1174992, at *1 (S.D.N.Y. Aug.18, 2000). Reconsideration may be granted to correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence. Virgin Atlantic Airways, Ltd. v. National Mediation Board, 956 F.2d 1245, 1255 (2d Cir.1992).

A Rule 59(e) motion, however, is not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion, nor to secure a rehearing on the merits with regard to issues already decided. Griffin Industrties, Inc. v. Petrojam, Ltd., 72 F. Supp.2d 365, 368 (S.D.N.Y.1999). This Rule is designed to "ensure the finality of decisions and to prevent the practice of a losing party from examining a decision and then plugging the gaps of a lost motion with additional matters." (Carolco Pictures, Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y.1988)). A Court must narrowly construe and strictly apply the rule, so as to avoid duplicative rulings on previously considered issues, and to prevent the rule from being used as a substitute for appealing a final judgment. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 150 (S.D.N.Y.1999); In re

2

Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y.1996) (noting that a motion for reconsideration is not an opportunity for the moving party "to argue those issues already considered when a party does not like the way the original motion was resolved."). Thus, to persuade the court to reconsider its decision, it is not enough for a party to make a more convincing argument than was made the first time. "The law of the case will be disregarded only when the court has 'a clear conviction of error' with respect to a point of law on which its previous decision was predicated." Fogel v. Chestnutt, 668 F.2d 100, 109 (2d Cir.1981), *cert. denied*, 459 U.S. 828, 103 S. Ct. 65, 74 L. Ed.2d 66 (1982).

Plaintiff's motion for reconsideration does not cite any intervening change in controlling law or the availability of new evidence. Nor has plaintiff shown the need to correct a clear error of law or to prevent manifest injustice.

A party making a motion for reconsideration "is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings," De Los Santos v. Fingerson, 2001 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998), much less rehash arguments already made and rejected. That is just what plaintiff has done. His motion for reconsideration is **DENIED**.

IT IS SO ORDERED

Dated: December 29, 2005
Syracuse, New York

*HOWARD G. MUNSON* (signature)
HOWARD G. MUNSON
SENIOR U.S. DISTRICT JUDGE

AO 72A
(Rev.8/82)